In the Matter of the Application of WILLIAM CLIFFORD TER-
WILLIGER, Petitioner, for a Peremptory Mandamus Order against
EDWARD W. EATON, as Judge of the Tioga County Court, and
FRANCIS J. CLOHESSY, as District Attorney of Tioga County,
Respondents.

Supreme Court, Trial and Special Term, Tioga County, November 3, 1937.

*William Clifford Terwilliger*, petitioner, in person, for the motion.

*Edward W. Eaton*, respondent, in person.

*Francis J. Clohessy*, respondent, in person.

McNAUGHT, J. The petitioner has heretofore made several applications for relief in various proceedings in connection with the sentence imposed upon him as a fourth offender by the County Court of the county of Tioga.

Petitioner is now confined in Auburn State Prison under the sentence which he claims is illegal.

Petitioner was originally sentenced in Tioga county on November 20, 1931, as a fourth offender, after a plea of guilty to a felony, to serve the remainder of his natural life pursuant to section 1942 of the Penal Law.

In March, 1933, a habeas corpus proceeding was brought before the County Court of Cayuga county, in which this petitioner alleged that no information charging previous convictions of a felony was filed against him, and the sentence was, therefore, illegal. The return did not deny the failure to file such information. The court held the sentence was illegal, but the conviction stood, the writ was dismissed, and the relator remanded for return to the sheriff of Tioga county for appropriate action. (*People ex rel. Terwilliger* v. *Brophy*, 146 Misc. 797.)

The petition in this proceeding and a file of papers submitted to the court by the petitioner clearly disclose the alleged defects of which petitioner now complains.

The respondents, the present county judge and district attorney of Tioga county, were not in office during the time the proceedings were had, and have no personal or official knowledge concerning the same.

A brief review of the facts will clarify the questions to be determined.

On November 12, 1931, the petitioner was arraigned before the County Court of Tioga county upon an indictment charging him with the crime of forgery in the second degree. He entered a plea of guilty to such indictment. On November 20, 1931, he was sentenced for the term of his natural life as a fourth offender. This is the sentence which was afterwards declared illegal by Judge UNDERWOOD. (*People ex rel. Terwilliger* v. *Brophy, supra.*)

Pursuant to the decision of the Cayuga County Court petitioner was returned to Tioga county. On the 23d day of March, 1933, the district attorney filed an information under the provisions of section 1943 of the Penal Law accusing the petitioner of having been three times previously convicted of a felony. A plea of not guilty was entered. The court ordered the petitioner to be held until the next term of Tioga County Court with a jury present. The next term of the Tioga County Court with a jury was held in June, 1933.

On June 7, 1933, a grand jury, as a part of said court, found an indictment against the petitioner for escaping from custody while held upon a charge or commitment for a felony on the 5th day of May, 1933. On June twelfth the indictment was moved for trial,

a trial held, and a verdict of guilty rendered by the jury. The district attorney thereupon filed an information charging the petitioner with having been three times previously convicted of a felony. The record of the court discloses that the court thereupon informed the defendant as to the allegations contained in the information, his right to be tried as to the truth thereof, and to say whether he was the same person as charged in the information. The defendant refused to answer and remained silent. The court then ordered a jury to be impaneled, and on June fifteenth trial of the information was moved by the district attorney. A jury was drawn. Upon the trial the petitioner was sworn as a witness. The jury rendered a verdict that they found the defendant was the same person mentioned in the information. The court thereupon, upon such information for escape, sentenced the petitioner as a fourth offender for not less than fifteen years nor more than the term of his natural life. During the same term the court revoked such sentence and directed that the defendant be returned for resentence. The defendant was returned, and on June 22, 1933, was sentenced to a definite term of seven years, to follow the sentence of which petitioner now complains pronounced against him the same day.

The order directing the return of the petitioner and revoking the sentence as a fourth offender for escape, was made by the Tioga County Court upon the ground that it appeared to the court such sentence was in violation of section 1699 of the Penal Law, it appearing that an information had already been filed charging the petitioner with being a fourth offender following a conviction for forgery in the second degree, for which he was not then under sentence.

On the 22d day of June, 1933, at the same term, the petitioner was arraigned upon the information which had been filed on the 23d day of March, 1933, in connection with his conviction for forgery in the second degree. The record discloses that the court informed the defendant of the allegations contained in the information, of his right to be tried as to the truth thereof, and that the defendant refused to answer. He was represented by counsel, who moved to dismiss the information, on the ground it placed the defendant twice in jeopardy, which was denied. Trial was moved by the district attorney. The defendant was present with counsel. A jury was directed to be drawn. The jurors were challenged for cause by the defendant. The jurors were examined by the court and the challenge overruled. Thereupon a trial was held. The double jeopardy motion was renewed and denied. Counsel for the defendant moved for discharge on the ground that all three

prior acts charged in the information were committed prior to a first conviction. The motion was denied. The case was submitted to the jury, and they found by their verdict the defendant to be the same person previously convicted of the several crimes set forth in the information. The defendant was then arraigned for judgment, and a sentence of not less than fifteen years nor more than the term of his natural life imposed upon petitioner as a fourth offender.

The petitioner contends that such sentence was illegal; that he was twice placed in jeopardy; that he was forced to stand trial before the same jury which had previously convicted him in violation of his constitutional rights. He also contends that the information was insufficient to warrant punishment as a fourth offender in that it set forth crimes committed prior to a first conviction.

The contention of petitioner that the information was insufficient in that it charged crimes committed prior to a first conviction is without substantial merit. The contention is based upon the fact that petitioner was convicted of the crime of forgery in the county of Tompkins, April 20, 1921, alleged to have been committed February 16, 1921, upon which conviction he was sentenced to the Elmira Reformatory. Subsequently, upon parole from Elmira Reformatory, he was returned to Tioga county, where, on October 20, 1922, he was convicted of the crime of forgery, alleged to have been committed February 8, 1921. This second conviction was for a crime committed prior to his first conviction. The sufficiency of the information in this respect has, however, been fully determined in a proceeding by this petitioner decided by Mr. Justice PERSONIUS. (*Matter of Terwilliger* v. *Turk,* 156 Misc. 246.) The decision in that case is *res judicata* here, and we fully agree with the conclusions reached by the court.

A court has power, within definitely prescribed limits, to reconsider its judgment and to vacate, modify or amend a sentence, providing such power is exercised at the term or session of the court at which the judgment was pronounced. (*Matter of Cedar,* 240 App. Div. 182; affd., 265 N. Y. 520.) It was, therefore, unquestionably within the power of the Tioga County Court to direct the return of the petitioner after sentence on the escape charge, vacate the sentence imposed, and resentence.

The procedure followed in connection with the resentencing of petitioner upon the charge of forgery in the second degree, after return pursuant to the decision of the Cayuga County Court, was somewhat confusing, due largely to the unusual condition created by the petitioner escaping while in custody awaiting disposition of his case. The petitioner was not placed twice in jeopardy by

reason of the procedure which was followed. By section 1699 of the Penal Law the provisions of sections 1941 and 1942 did not apply to the escape charge, and it was, therefore, proper to return the petitioner for resentence.

Whether the procedure upon the trial of the information in the Tioga County Court was proper; whether the second trial of the information at the same term by a jury from the same panel which had tried the information was proper, were matters which rested in the discretion of the court. Whether the court had the power so to direct and whether the court abused the discretion vested in it are questions which cannot be determined in a proceeding of this nature. The questions so raised by the petitioner could only properly be raised on an appeal. An appeal was taken by petitioner to the Appellate Division. A motion for leave to prosecute the appeal as a poor person on typewritten papers was denied by the Appellate Division in a decision handed down April 28, 1937. (*People* v. *Terwilliger*, 250 App. Div. 888.)

Mandamus will not lie to determine the questions raised by petitioner relative to the procedure taken in the Tioga County Court. (*Matter of Cedar, supra.*)

We are of the opinion the sentence is legal.

We are further of the opinion that the questions sought to be raised in this mandamus proceeding could only be raised upon appeal.

We have given consideration to the cases referred to by petitioner and others bearing upon the questions raised. (*People* v. *Gowasky*, 244 N. Y. 451; *Matter of Dodd* v. *Martin*, 248 id. 394; *People ex rel. Marcley* v. *Lawes*, 254 id. 249; *People ex rel. Sloane* v. *Lawes*, 255 id. 112; *People* v. *Reese*, 258 id. 89; *People* v. *Procito*, 261 id. 376; *People* v. *Daiboch*, 265 id. 125; *People* v. *Bergman*, 176 App. Div. 318; *People* v. *Sanacory*, 248 id. 631; *People* v. *Spellman*, 136 Misc. 25.)

The application of the petitioner is denied.

Submit order accordingly.