DAVID STAFFORD, Respondent, v. JOHN W. COWPER Co., INC., Appellant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The inquiry upon this motion is whether the first and second defenses alleged in the answer in truth present an issue to be tried. The affidavit submitted by the plaintiff in support of his motion to strike out these defenses as sham and as tending to prejudice a fair trial of the action, was properly received (*Fleischer* v. *Terker*, 259 N. Y. 60; *Socony-Vacuum Oil Co., Inc.*, v. *City of New York*, 247 App. Div. 163), and being uncontradicted leads to an affirmance of the order. All concur. (The order grants plaintiff's motion to strike out certain defenses in defendant's amended answer in a negligence action.) · Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

EARL TAYLOR, Appellant, v. GEORGE M. McKEE and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements. Time to serve an amended complaint extended to include ten days from the date of the service of the order entered herein. Memorandum: We find in this complaint a total absence of definite statement of fact upon which to base a cause of action. All concur. (The order dismisses the complaint in an action for damages sustained by reason of conspiracy and malicious prosecution.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

PILLSBURY FLOUR MILLS COMPANY, Respondent, v. CHARLES W. BOGARDUS and MARJORIE BOGARDUS, Appellants.— Order affirmed, with costs. Memorandum: The evidence warranted the action of the trial justice in setting aside the verdict. All concur. (The order set aside a verdict of a jury in favor of defendants and grants a new trial in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM C. TERWILLIGER, Appellant, v. JOSEPH H. BROPHY, as Warden of Auburn Prison, Respondent.— Order affirmed, without costs. Memorandum: Inasmuch as this defendant had been three times convicted of felonies within the terms of section 1942 of the Penal Law, his conviction of a felony subsequently committed constitutes a fourth conviction within the language of the section. We must, therefore, reject the contention of the relator, that each of the second and third previous convictions must be for crimes committed subsequent to the then last previous conviction, as beyond the terms of the statute. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.