Argued June 4, affirmed July 6, petition for rehearing
denied July 24, 1962

## CHASE *v.* GLADDEN

372 P. 2d 972

*Duane R. Ertsgaard,* Salem, argued the cause and submitted a brief for appellant.

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

SLOAN, J.

A post-conviction case. The trial court sustained a demurrer to the first two causes of action and found against plaintiff on factual issues presented by the third cause of action. Each ruling of the court is made a separate assignment here. We find it necessary to discuss only one of the assignments.

■■ That assignment presents the issue that the sentence petitioner is now serving is void because he was not sentenced as an habitual criminal. In 1956, he was given a 20 year sentence upon a plea of guilty to statutory rape. As an habitual criminal he could have been sentenced to life. If he were to prevail, however, no further sentence could be imposed because the time within which a district attorney must invoke the Habitual Criminal Act is limited to two years after "conviction of the principal offense * * *" ORS 168.055. His claim that the sentence given him was void is based upon the fact that during the presentence inquiry in open court the judge was informed that defendant had been previously convicted of a felony in Montana. He argues that when this was brought to the judge's attention it deprived the judge of jurisdiction to sentence him except as provided by the Habitual Criminal Act. He finds seeming support for his argument in the cases of *Castle v. Gladden,* 1954, 201 Or 353, 270 P2d 675, *Macomber v. State et al.,* 1947, 181 Or 208, 180 P2d 793; *State v. Durham,* 1945, 177 Or 574, 164 P2d 448, 162 ALR 422.

In *State v. Durham,* supra, 177 Or at 576, the court said: "Indeed, the court had no authority to impose sentence on the main charge after this information had

been filed and while it was pending." In *State v. Macomber,* supra, 181 Or at 237, in this language: "Since the penalty is mandatory and imperative, it is difficult to understand how either the district attorney or the trial judge has authority to waive its imposition." Petitioner construes these statements, as applied to his own case, to mean that when it was informally mentioned to the sentencing judge that petitioner had been convicted of a prior felony in another state then at that point the court lost jurisdiction to proceed to sentence him for the crime he had then plead guilty to and, hence, the sentence was void.

Careful analysis of these two decisions, together with the opinion in *Castle v. Gladden,* supra, does not provide the substance to petitioner's contention that the isolated quotes we have used would appear to give. In *State v. Durham,* supra, it is clear that the loss of jurisdiction to sentence on the "main charge" was lost only because the district attorney's information—ORS 168.055—had been filed. The same thing is said in *Macomber v. State,* supra, 181 Or at 226:

"* * * Since, on October 19, 1939, when Judge Walker imposed the five-year sentence, no information had been filed accusing the respondent of being an habitual offender, Judge Walker could not have employed any of the powers granted by the Habitual Criminal Act. And even if such an information had then been pending, no sentencing judge could rightfully have rummaged through his recollection and, upon recalling a previous conviction, take judicial notice of it as the basis for a greater sentence."

In *Castle v. Gladden,* supra 201 Or at 363, the opinion by Justice Lusk applied emphasis to the language used in order or to make the distinction more positive. The opinion said: "Of course, the knowledge

[of prior convictions] of the court must be such as it acquires *as a court* and in the course of judicial proceedings and upon the strength of which the court is warranted in acting or refraining from acting." *State v. Davis,* 68 W Va 142, 69 SE 639, 32 LRA (N.S.) 501, Ann Cas 1912A, 996, referred to in *Macomber v. State,* supra, holds that court may not take judicial notice of prior convictions even if they had occurred in the same court on a preceding day. In *State v. Davis,* supra, the court held that the sentencing court could only consider the prior convictions when they had been alleged in an indictment, as required by the statute of West Virginia.

We are satisfied that the trial judge was right when he decided that the meaning to be gleaned from our decisions is that a sentencing court cannot proceed to act within the provisions of Habitual Criminal Act until the information alleging prior crimes has been filed by the district attorney and served upon the accused as required by the statutes. The necessity for this procedure is more apparent when, as here, the alleged prior conviction was in another state. In the case now before us the mention to the sentencing court that petitioner had been convicted of a felony in Montana did not disclose to the court that the offense with which he had been charged in Montana would have been a felony in Oregon at the time defendant was convicted in Montana. That knowledge would have been a first prerequisite before the court could have given any attention to the prior offense. The court was not "warranted in acting or refraining from acting" until the information alleging all of the essential facts had been filed.

We have considered the other assignments and consider them to be without merit. Affirmed.