Argued April 29, affirmed as modified July 9, petition for
rehearing denied July 29, petition for review denied
September 9, 1970

# STATE OF OREGON, *Respondent, v.*
# TEDDY EDWARDS, *Appellant.*

471 P2d 843

*Howard R. Lonergan*, Portland, argued the cause and filed the briefs for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

FOLEY, J.

Defendant was convicted by a jury of attempted burglary not in a dwelling and was sentenced to five years' imprisonment. An habitual criminal information was then filed upon which defendant was found by the court to have been previously convicted. The five-year sentence was then vacated and he was sentenced to 10 years' imprisonment.

Defendant was charged jointly with Floyd Smith with attempted burglary. An occupant of the building alerted police who found Smith on the roof of the building in downtown Portland attempting to gain entry to the Post Office Pharmacy through a skylight. Smith had a brief case containing tools with him and a crowbar was found near him on the roof. Another policeman, Sgt. Schwartz, arrived on the scene and observed the defendant walking away from the pharmacy toward an automobile with Washington license plates ATI 479. The police sergeant recognized this

license number as that of a car described in two police bulletins as connected with recent safe burglaries in Washington and noticed that defendant was looking up at the roof of the pharmacy building rather than at the converging police. Defendant got into the car and drove away. Sgt. Schwartz sent two newly arrived officers after defendant to bring him back. They drove after him, caught him on the ramp of the Broadway Bridge and he drove back to the scene between their two police cars. As they got to the Post Office Pharmacy defendant was told by police car loudspeaker to pull over to the curb. He did so, and then suddenly drove off, leaving the police behind. After proceeding a short distance he struck a parked car but drove on for about two blocks and then parked the semi-disabled vehicle in the intersection. He ran from the damaged car but was caught and arrested. Through the open door of the vehicle the police saw a hammer on the front seat and a glove and car keys on the floorboard. On the floor of the back seat was a length of rope knotted at intervals and a pair of service dungarees. The other glove was also in the back. They then searched the car and in the trunk found a large red tool box. The tools were similar to some of those of codefendant Floyd Smith. No search warrant was obtained prior to the search of the automobile.

## ASSIGNMENT OF ERROR NO. 1

Defendant's first assignment of error is the denial of the motion to suppress "all evidence obtained as a result of an unlawful search of an automobile in the possession of Defendant following an illegal arrest."

■ Defendant argues that the search was improper as

not incident to a lawful arrest. It appears that defendant was initially arrested for eluding an officer and reckless driving, but Sgt. Schwartz testified that he had probable cause to arrest defendant for the burglary attempt. Sgt. Schwartz knew an attempted burglary was in process. The time was about 1 a.m. and defendant was seen leaving the scene of the burglary attempt. The officer recognized the automobile defendant entered by its license number as one recently involved in other burglaries. Defendant acted peculiarly as he left the scene in looking up at the roof of the building where co-defendant Smith was apprehended attempting to break into the pharmacy from the roof. These facts warranted Sgt. Schwartz's conclusion that he had probable cause to arrest defendant for attempted burglary. This will support an incidental search reasonably related to the burglary. *State v. Cloman,* 254 Or 1, 456 P2d 67 (1969) ; *State v. Keith,* 2 Or App 133, 465 P2d 724 Sup Ct *review denied* (1970).

■ Without a search the officer was aware of the hammer on the front seat of the car, which was similar to a hammer taken from Smith, and the length of knotted rope on the floor of the back seat. Looking at the requirements set forth in *State v. Keith,* supra, with reference to whether to make a warrantless search of an automobile, the officer is first to ask himself:

> Do I have probable cause to believe that a search of the automobile will result in the finding of evidence of crime?

With what was before him in the car, obviously the officer had good reason to believe that a search would likely produce additional evidence. .

The other question is:

> Do I have probable cause to believe that I must

immediately search without taking the time to obtain a search warrant in order to avoid the loss of evidence?

The answer to this question is not as easy as the first. *Carroll v. United States*, 267 US 132, 45 S Ct 280, 69 L Ed 543, 39 ALR 790 (1925), sets forth the standard for the warrantless search of an automobile as follows: (1) the reasonable cause to believe the automobile contains items subject to seizure, and (2) the automobile must be "movable" in the sense that the officer reasonably believes that it may be moved by someone who is free to do so and it is therefore not "reasonably practicable" to secure a search warrant.

We are not persuaded by the argument that the automobile was not movable because it was disabled. It was parked in the intersection of N.W. Flanders and Fourth Street, and one officer testified it might have been possible to drive it very slowly. It also would have been possible to tow it away. In addition, no one knew exactly the number of burglars involved, and the owner of the car was not present or accounted for. The officer therefore had good reason to believe that the automobile might be removed and its evidence would disappear if he took the time necessary to obtain a search warrant. We hold that the officer had probable cause to search immediately without a warrant in order to avoid the loss of evidence, *State v. Keith*, supra. Thus the search was reasonable within the constitutional limitations of the Fourth Amendment.

## ASSIGNMENT OF ERROR NO. 2

■ Immediately prior to the commencement of the trial defendant moved to disqualify the judge, and assigns as error the denial of the motion. No effort

was made by defendant to comply with the statutory procedure for change of judge. ORS 14.250 to 14.270.[①] The application was not supported by affidavit and no showing of any prejudice was made. This assignment is without merit.

## ASSIGNMENT OF ERROR NO. 3

■ The defendant claims the court erred in allowing the defendant to waive counsel and conduct his own defense when he became dissatisfied with his counsel. The trial judge clearly and carefully explained to the defendant the dangers incident to conducting his own defense. It is clear from the record that defendant made a fully informed decision to conduct his own defense despite the presence in court of two court-appointed counsel ready and willing to assist him if he desired. The Supreme Court said in *State v. Delaney,* 221 Or 620, 657, 332 P2d 71, 351 P2d 85 (1960):

"* * * So if the one being defended desires to run his own show he must pay the piper."

There is no merit in this assignment.

## ASSIGNMENTS OF ERROR NO. 4 and NO. 5

Defendant claims the trial court erred in refusing to grant defendant a continuance during the trial to obtain certificates for out-of-state witnesses and erred in denying defendant's motion for a new trial based upon that refusal.

---

[①] "Any party * * * may establish the prejudice described in ORS 14.250 by motion supported by affidavit that the judge before whom the cause, matter or proceeding is pending is prejudiced against such party or attorney, or the interest of such party or attorney, so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge, and that it is made in good faith and not for the purpose of delay * * *." ORS 14.260.

■ A motion for continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed except for abuse of that discretion. *State v. Young,* 1 Or App 562, 569, 463 P2d 374 Sup Ct *review denied* (1970). There was no specific request made to the court for issuing out-of-state certificates under ORS 139.210 to 139.260, and the issuance of such certificates is within the discretion of the trial court. *State v. Smith,* 1 Or App 153, 458 P2d 687 (1969) Sup Ct *review denied* (1970). Here the testimony sought would have been merely cumulative and, if obtained, would only have served to contradict a witness on the question of defendant's prior association with his co-indictee, rather than to establish an alibi for the date of the crime. There was no abuse of discretion.

## ASSIGNMENT OF ERROR NO. 6

■ Defendant claims the trial judge erred in failing to declare a mistrial for misconduct of the prosecutor. In final argument the prosecutor commented on the evasiveness of the witness Donna Liles.

Defendant did not move for a mistrial and there was no basis for such motion. Counsel for the state is entitled to discuss the credibility of defense witnesses in argument.

## ASSIGNMENT OF ERROR NO. 7

Defendant claims the court erred in denying a jury trial in the habitual criminal proceeding.

This assignment has no merit. *State v. Knighten,* 248 Or 465, 435 P2d 305 (1967); *State v. Ellis,* 238 Or 104, 392 P2d 647 (1964); *State v. Hoffman,* 236 Or 98, 104-107, 385 P2d 741 (1963); ORS ch 168.

## ASSIGNMENT OF ERROR NO. 8

Defendant claims the trial court erred in denying defendant's motion to dismiss the habitual criminal proceeding on the grounds (1) there was insufficient proof of the date of the principal offense, and (2) that the crime of burglary in California is not the same as the crime of burglary in Oregon.

As to point (1), under Oregon law, an habitual criminal proceeding is a continuation of the principal felony case, *State v. Little*, 205 Or 659, 662, 288 P2d 446, 290 P2d 802 (1955), cert den 350 US 975, 76 S Ct 454, 100 L Ed 845 (1956), and while the court in habitual criminal proceedings may not take judicial notice of prior convictions, *Chase v. Gladden*, 231 Or 469, 471-72, 372 P2d 972, cert den 371 US 896, 83 S Ct 197, 9 L Ed 2d 128 (1962), no further proofs as to date, etc., of the principal conviction are required. This portion of the assignment does not have merit.

Defendant's point (2), that his California convictions cannot serve as a basis for habitual criminal proceedings, appears to be well taken.

ORS 168.015 (3)(c) provides that a former conviction in another state cannot serve as a basis for enhanced penalty proceedings in this state unless the crime is also a felony in this state. In *State v. Grinolds*, 223 Or 68, 353 P2d 851 (1960), the court said, in this context, at 72-73:

> "This court has held that a nondwelling burglary in Oregon can be committed only by entering one of the kinds of structures specified in ORS 164.240 wherein there is *property. State v. Kemano*, 1946, 178 Or 229, 232, 166 P2d 472; *State v. Luckey*, 1935, 150 Or 566, 570, 46 P2d 1042. The Minnesota statute contains no requirement that property be in

the building entered, and the courts have held, as set out, that only a guilty intent is required. In other words, the material requirements of pleading and proof within the Minnesota statute would be insufficient to sustain a conviction of a felony in Oregon. The two prior convictions of this defendant in Minnesota for burglary should not have been counted as crimes that would have been felonies in Oregon. * * *"

For the purposes of the Oregon Habitual Criminal Act, the California and Minnesota statutes appear to have identical deficiencies. Therefore the *Grinolds* case is binding upon this court and this requires the reversal of the habitual criminal proceeding. The sentence imposed under the habitual criminal proceeding is vacated and the case is remanded to the circuit court for reinstatement of the sentence for the principal crime.

Affirmed as modified.