Argued January 21, affirmed February 11, petition for rehearing
denied March 3, petition for review denied March 30, 1971

STATE OF OREGON, *Respondent, v.*
ROBIN WAYNE FREEMAN, *Appellant.*

480 P2d 444

*Ken C. Hadley*, Deputy Public Defender, Salem,
argued the cause for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

On February 5, 1970, defendant was placed on probation for three years after pleading guilty to obtaining property by false pretenses. Two months later, following a hearing, his probation was revoked for the reason

> "* * * that he had, contrary to specific orders, given by his probation officer, associated with minor, unmarried female children under the age of 18 years and had furnished drugs to at least one minor female child, specifically LSD"

and he was given an indeterminate sentence of five years. Defendant appeals from the judgment revoking his probation and sentencing him to five years' imprisonment.

His sole assignment of error is that

> "The * * * [revoking, sentencing] Judge should have disqualified himself from the proceedings since he could not proceed with impartiality."

At the probation revocation hearing defendant's probation officer testified that he had instructed defendant on Thursday, March 19, 1970, not to associate with any girls under 18 years of age. The officer further testified that he again talked with defendant on the following Thursday, March 26, at which time defendant admitted to the probation officer that he had

been out to Touvelle Park on the Rogue River with a 14-year-old girl on the preceding Monday, March 23, and that on Tuesday, to get her back in school, he had written her an excuse directed to the school and had signed her mother's name.

The 14-year-old girl then was called as a witness by the prosecution. She acknowledged she was with defendant "out at the river," and admitted authoring a letter which read (quoting from transcript):

"I was with him and Val all the time and we got stoned every single night spring vacation on weed, wine and hash. * * *

"[B]ut then Sunday night he came over and gave me a tab of LSD 25. * * *"

She denied, however, that her words meant that she and defendant got "stoned" *together* or that defendant *knowingly* gave her the LSD. The judge thereafter asked her if she had not told him during a juvenile hearing earlier in the week that defendant had given her LSD. She denied making such a statement. The judge then called as a witness Andrea Patterson, a juvenile counselor, who testified that she recalled that at the juvenile hearing the 14-year-old girl "did indicate that this was indeed how she had received the LSD." Defendant's counsel moved to strike all of the testimony elicited by the court, but the motion was denied. No suggestion or motion was made at that time that the judge be disqualified. The matter is raised for the first time on this appeal.

ORS 14.210① lists the grounds for disqualifica-

① ORS 14.210:

"(1) A judicial officer shall not act as such in a court of which he is a member in any of the following cases:

"(a) When he is a party to or directly interested in the action, suit or proceeding;

tion of a judge. None is present in this case. ORS 14.250 provides a procedure for disqualifying a judge. That procedure was not followed nor was any request made for disqualification. See *State v. Edwards,* 3 Or App 179, 471 P2d 843, Sup Ct *review denied* (1970). A careful review of the record discloses no evidence of bias or prejudice on the part of this judge. It shows only that he made a proper search for the truth to establish a basis for determining whether defendant's probation should be revoked or continued. He should be commended, not faulted, for putting forth the effort necessary to arrive at a fair determination.

Affirmed.

"(b) When he was not present and sitting as a member of the court at the hearing of a matter submitted for its decision;

"(c) When he is related to any party, or to the attorney for any party, or to the partner or office associate of any such attorney, by consanguinity or affinity within the third degree;

"(d) When he has been attorney in the action, suit or proceeding for any party.