Argued November 27, 1972, affirmed January 5, petition for
rehearing denied January 31, petition for review
denied March 21, 1973

STATE OF OREGON, *Respondent, v.* HENRY
BUCK SCOTT (No. C-71-10-3094), *Appellant.*

504 P2d 1053

*John K. Hoover,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction of rape. Former ORS 163.210. Questions presented are: (1) whether the state proved *corpus delicti* of the crime; (2) whether motions for continuance and new trial, both based on allegedly unforeseeable absence of a defense witness, should have been granted; and (3) whether motions should have been sustained to dismiss the indictment and bar prosecution because the defendant was not advised of his *Miranda*[1] rights prior to testifying before the grand jury which indicted him.

(1) Defendant argues that there was insufficient evidence of penetration. A perusal of the record shows that semen was found inside the victim shortly after the alleged assault, that her hymen was torn,

[1] *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

and that in the opinion of the medical doctor who testified she had been penetrated. The victim testified that "* * * I can't—can't determine if he really entered me, but I believe he did." She also testified that she had not had any other intercourse. This evidence presented a question of fact for the jury as to *corpus delicti,* even though there was evidence that penetration could have been effected by fingers.

■■ (2) Defendant sought a continuance after the state's case-in-chief had been concluded, advising the court that a defense witness residing in California was not present. It was not shown that the witness had been subpoenaed and the defendant could not assure the court that the witness would appear the next day if a continuance were granted. In a subsequent motion for new trial it was alleged that the absence of the same witness had resulted in "[a]ccident or surprise which ordinary prudence could not have guarded against." ORS 17.610 (3). Such motions are addressed to the discretion of the trial court. *State v. Edwards,* 3 Or App 179, 471 P2d 843, Sup Ct *review denied* (1970) ; *State v. Otten,* 234 Or 219, 380 P2d 812 (1963). No affidavit was submitted in support of the motion as required by ORS 136.070 and at the hearing on the motion the defendant could not assure the court that the witness would be produced if the new trial were granted. A continuance previous to the trial had been granted in order to obtain the same witness and although defense counsel knew where to find him during two months before the trial no attempt was made to subpoena him. Under these circumstances the court properly exercised its discretion in denying the motions.

(3). The victim reported the rape to the police, giving a description of a business vehicle in which it

occurred. The vehicle belonged to the defendant and was used by him and his employes. The police first telephoned defendant, informing him about the charge and in response to their request, defendant came to the police station. He was given full *Miranda* warnings before any interrogation. During the interrogation he denied involvement in the rape. Within less than two hours of his coming to the station he was subpoenaed to appear before the grand jury and immediately appeared. In response to questions he affirmed that his appearance was voluntary. He was also asked if he realized "if you are suspected of involvement with any crime, that you have a constitutional right to refuse to answer questions. * : * . *," to which he replied in the affirmative. He also affirmed his knowledge of his right to counsel and that he did not wish to exercise it. Nothing was said before the grand jury about counsel at public expense, or that anything he said could and would be used against him.

■ We do not decide whether, if *Miranda* warnings are necessary before a grand jury, the warnings given were sufficient.⑨ Defendant's claim of error in this regard must fail for another reason. The record discloses that nothing the defendant testified to before the grand jury, nor any fruits thereof, were used against him at the trial. In *State v. Brewton,* 247 Or

---

⑨ The right to a warning of his *Miranda* rights to an accused, or one who is a "target," before he testifies before a grand jury, is the subject of numerous decisions. *See* United States v. Binder, 453 F2d 805 (2nd Cir 1971); United States v. Luxenberg, 374 F2d 241 (6th Cir 1967); Stanley v. United States, 245 F2d 427 (6th Cir 1957); United States v. Potash, 332 F Supp 730 (SDNY 1971); Commonwealth v. Columbia Investment Corp., 222 Pa Super 30, 292 A2d 533 (1972); State v. Iverson, 187 NW2d 1, 17 (ND), *cert denied* 404 US 956 (1971); O'Neal v. State, 468 P2d 59 (Okla Cr App 1970); State v. Ruggeri, 19 Utah 2d 216, 429 P2d 969 (1967); *see also* ORS 139.310; State v. McDonald, 231 Or 24, 361 P2d 1001, *cert denied* 370 US 903 (1962).

241, 244-45, 422 P2d 581, *cert denied* 387 US 943 (1967), the Oregon Supreme Court particularly noted that the exclusionary rule with reference to statements made without constitutional warnings is the procedural aid employed by the courts to enforce the rights. The comments in the *Brewton* case appear to us to lead to accord with the holding in *Mattox v. Carson*, 424 F2d 202 (5th Cir), *cert denied* 400 US 822 (1970), where the precise question now before us was considered:

"* * * Assuming *arguendo* that *Miranda* would apply to a Grand Jury investigation, and we expressly pretermit the question, *Miranda* does not have the scope given it by the district court. *Miranda* is directed to incriminating evidence, here such evidence as was adduced from appellees before the Grand Jury or the fruits thereof. In such event, and if *Miranda* applies, the failure to give the required warnings would not result in a complete dismissal of the information against appellees. The remedy in such a case lies in the exclusionary rule, not in a pretrial federal habeas corpus proceeding. Cf. United States v. Blue, 1966, 384 U.S. 251, 255-256, 86 S.Ct. 1416, 16 L.Ed.2d 510. If appellees were subjected to a 'custodial interrogation' as contemplated by *Miranda,* then the failure to warn them of the constitutional rights due under *Miranda* should be urged in the state court trials as a bar to the admission of any evidence, or fruits thereof, gained during the interrogations. *Miranda* does not authorize a complete dismissal of the criminal charges by reinstating the immunity rights of appellees." 424 F2d at 204.

Inasmuch as the statements or fruits thereof were not used in the trial of the case at bar and the conviction was based entirely upon other evidence, the defendant's complaint has no standing.

Affirmed.