Argued at Pendleton October 30; reversed December 12, 1945

## STATE *v.* DURHAM

(164 P. (2d) 448)

Before BELT, Chief Justice, and ROSSMAN, BAILEY, LUSK and HAY, Assocaite Justices.

*Boon Cason,* of Portland (Irvin Goodman and Leo Levenson, both of Portland, on the brief), for appellant.

*Colon R. Eberhard,* District Attorney, Pro tem., of La Grande, for respondent.

BELT, C. J.

On February 24, 1945, the defendant, George Washington Durham, was convicted in Union County of the crime of having a pistol in his possession after having been previously convicted of a felony. The possession of a pistol under such circumstances is punishable as a felony under § 25-112, O. C. L. A., as amended by Chapter 330, Laws of Oregon for 1941. After verdict was returned and before sentence was imposed on such charge, the District Attorney filed an information on March 22, 1945, charging the defendant with being an habitual criminal in that previous to his last conviction he had been convicted of four felonies, to wit: (1) On December 10, 1928, in the State of Kansas, the defendant was convicted upon an indictment containing three counts (a) burglary in the second degree; (b) larceny committed at the time and upon the occasion of a burglary; (c) larceny of an automobile. (2) On June 12, 1934, in Multnomah County, Oregon, the crime

of burglary not in a dwelling house. (3) On April 18, 1938, in Multnomah County, Oregon, the crime of having a pistol in his possession after having been convicted of a felony. (4) On May 13, 1938, in Multnomah County, Oregon, the crime of receiving stolen property. Defendant, upon being duly arraigned upon such charge, stood mute and thereupon the court entered a plea of not guilty. A jury was empaneled and, after hearing the evidence, the instructons of the court, and the argument of counsel, returned a verdict in the form of special findings, establishing the identity of the defendant and his previous convictions of felonies specified in the information. Based upon such verdict, the court imposed a sentence upon the defendant that he be confined in the penitentiary for the term of his natural life. From this judgment of conviction the defendant has appealed.

■ It is assigned as error that the court refused to sentence the defendant on the main charge, namely, of having a pistol in his possession, before proceeding with the habitual criminal charge. We do not agree with this contention. It would have been premature and in violation of the purpose and spirit of the Habitual Criminal Act to have imposed sentence on the main charge before determining whether the defendant was a fourth offender as charged in the information. Indeed, the court had no authority to impose sentence on the main charge after this information had been filed and while it was pending. Had the court done so, such sentence could have been vacated in the event the defendant was found to have been an habitual criminal. *Ex parte Towne,* 14 Wash. (2d) 633, 129 P. (2d) 230, *State ex rel Edelstin v. Huneke,* 138 Wash. 495, 244 P. 721.

The Habitual Criminal Act, so far as material herein, provides:

§ 26-2803 O. C. L. A. "A person who, after having been three times convicted within this state of felonies or attempts to commit felonies, or, under the law of any other state, government or country, of crimes which, if committed within this state would be felonious, commits a felony within this state, shall be sentenced, upon conviction of such fourth, or subsequent, offense, to imprisonment in a state prison for the term of his natural life."

§ 26-2804 O. C. L. A. "If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth in this act, it shall be the duty of the district attorney of the county in which said conviction was had to file an information, accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and or his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment hereinbefore provided, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated.

"Whenever it shall become known to any warden or prison, probation, parole or police officer or other peace officer that any person charged with or convicted of a felony has been previously convicted within the meaning of said sections hereinbefore set forth, it shall become his duty forthwith to report the facts to the district attorney of the county from which he was sentenced."

If the defendant was found not to have been previously convicted of the four felonies as charged, then no life imprisonment sentence could be imposed. The act provides for a separate and supplementary proceeding in order to enable the court to determine the kind and character of man upon whom sentence is to be imposed. It is a continuation of the original prosecution. If he is a second or subsequent offender then he must suffer an enhanced penalty. If it is shown that the defendant has been convicted of four felonies, including that of the main charge, then it is deemed under the act that he is hopeless, so far as reformation is concerned, and must, for the protection of society, be perpetually confined. No error was committed by the court in continuing the imposition of sentence during the pendency of the habitual criminal charge.

■ It is argued that the failure to sentence defendant upon the main charge deprived him of the right of appeal. In our opinion, when the court disposed of the habitual criminal proceeding and entered final judgment of conviction, the defendant had the right of appeal therefrom and could review the entire proceedings commencing with the original prosecution. The separate and supplementary proceeding does not involve a new and independent charge of the com-

mission of a crime. It is a proceeding merely to determine the penalty to be imposed in the main charge. As said in *State ex rel. Edelstin v. Huneke, supra,* "It is no crime to be one 'who has been previously convicted' no matter how many times."

The serious question is whether the court erred in denying defendant the right to exercise any peremptory challenge in the selection of the jury in this special proceeding. The court allowed defendant the right to challenge any juror for cause, but definitely held that he was not entitled to any peremptory challenge.

*People v. Reese,* 258 N. Y. 89, 179 N. E. 305, 79 A. L. R. 1329, supports the trial court. It was there held that the issue in such proceeding was collateral to the defendant's guilt or innocence, and, by reason thereof, no right of peremptory challenge existed. The New York court nevertheless held—and we think properly so—that such "inquiry to ascertain the previous convictions of one found guilty of a felony is to be treated as a criminal case." Indeed, the court said: "Unquestionably, this inquiry is a criminal case, and not a civil one" and that "if so it is to be viewed, the incidents of a criminal case must be held to go along with it." We agree. The court further said: "To justify a verdict that a defendant charged in the information is the person previously convicted, the jury should be satisfied of his identity beyond a reasonable doubt." We agree. With all deference to the New York court, it is difficult to reconcile its conclusion, relative to peremptory challenges, with the view of the court that such proceeding is a criminal case and that it has all the incidents of such.

. We are not unmindful of the fact that at common law peremptory challenges in criminal cases were confined to the main issue and did not extend to the trial of collateral issues. Wharton's Crim. Proc. (Vol. III) § 1548-1551, Chitty's Crim. Law 535, 35 C. J. 407, Bishop's New Crim. Proc. § 942. It is clear that the question of whether defendant is an habitual criminal is collateral to the main issue of his guilt or innocence of the principal charge, but we think it is not collateral to the question as to the kind of judgment of conviction to be entered against him. The direct and vital issue involved in this separate proceeding—its being a continuation of the original prosecution—was whether the defendant was to serve a term in the penitentiary for the rest of his natural life or whether the sentence would be for a much shorter term. No final judgment of conviction could be entered until sentence had been imposed. When the jury found that the defendant was one and the same person as named in the records of previous convictions, it, in effect, fixed the penalty for the last offense. It only remained, then, for the court to enter the final judgment of conviction.

Whatever may be the common law rule relative to peremptory challenges, we think that when the legislature enacted § 26-2804 O. C. L. A., in 1927, giving the defendant an absolute right to a jury trial, it had in mind the kind of jury trial then in practice. It was not concerned with a jury trial under ancient common law rules. We think there was no intention to impair the right to a jury trial in a proceeding involving such extreme penalties. Although the jury in this special proceeding is not determining the guilt or innocence of the defendant on the main charge, it is

nevertheless well established that it is a criminal proceeding. 24 C. J. S. 1168. As said in 25 Am. Jur. 278, Habitual Criminals, § 31:

"The defendant has the same rights to a speedy trial, to time for preparation, to assistance of counsel, to compulsory process for witnesses, to be confronted with the witnesses against him, to require proof beyond a reasonable doubt, and to all other rights enjoyed by a defendant on trial for a criminal offense."

True, in the same section it is said that peremptory challenges are not permitted in habitual criminal proceedings, citing in support of the text, *People v. Reese,* supra.

At the time of the enactment of § 26-2804, O. C. L. A., relative to the right of a jury trial, a defendant charged with a crime punishable with death or life imprisonment was entitled to twelve peremptory challenges. § 26-919 O. C. L. A. Since 1864, a defendant in a criminal action has always had the right of peremptory challenge. Is it not reasonable to assume that the legislature, in the enactment of the Habitual Criminal Act, had no intention of restricting such right where the penalty of life imprisonment was involved? Can it be that in a civil action to recover on a promissory note each party has three peremptory challenges, but in a proceeding involving life imprisonment none are allowed! We think it is far more in keeping with the proper administration of justice that there be no such impairment of the right of trial by jury, and that reversible error was committed in denying defendant the right of peremptory challenge.

■ Defendant assigns error because the court refused to dismiss the habitual criminal proceeding on the ground of former jeopardy. The defendant asserts

that he was acquitted in Multnomah County, Oregon, on June 7, 1944, of the charge of being an habitual criminal and the previous convictions then relied upon by the State are the same as those in the instant proceeding, with the exception of the last conviction had in Union County. Plea of former jeopardy has no application to this kind of a proceeding. It is not an offense to be an habitual criminal; it is merely a status. Furthermore, there is no showing of any adjudication that the defendant was not the same person as named in the previous convictions relied upon by the State in this special proceeding.

■ The fourth and last assignment of error is based upon the admission of evidence of certified copies of records of convictions in Multnomah County, Oregon. It is asserted that these judgments of conviction had been set aside by a subsequent judgment of the court. It appears that the defendant was convicted in Multnomah County in April, 1938, of the crime of having a pistol in possession after having been convicted of a felony and was sentenced to serve a term in the penitentiary without limitation of time not to exceed five years. In May of the same year, he was convicted in Multnomah County of the crime of receiving stolen property and was sentenced to serve a similar period of time in the penitentiary. These sentences were to run concurrently. It is claimed that the court, subsequent to the imposition of these sentences and during the absence of the defendant while he was imprisoned in the penitentiary, changed the judgment relative thereto so as to make the sentences run consecutively. Defendant asserts that this alteration of the judgments during his absence was a null and void proceeding. Assuming such to be true, it does not

follow that the sentences as originally imposed are null and void. Suffice it to say that the final judgments of conviction may be relied upon by the State in this proceeding to establish the charge that the defendant was an habitual criminal.

Based solely on the refusal of the court to allow the defendant the right to peremptory challenge, the judgment of conviction is reversed and the cause remanded for a new trial.