Argued May 13; affirmed June 8, 1948

## BORDERS *v.* ALEXANDER

194 P. (2d) 414

*R. W. DeArmond,* of Salem, argued the cause for appellant. With him on the brief were Otto K. Paulus and Joseph M. Devers, Jr., of Salem.

*Fred A. Miller,* Assistant Attorney General, of Salem, argued the cause for respondent. With him on the brief was George Neuner, Attorney General, of Salem.

Before ROSSMAN, Chief Justice, and LUSK, BELT, KELLY, BAILEY and BRAND, Justices.

BELT, J.

This is a habeas corpus proceeding challenging the legality of the imprisonment of the petitioner, who is now, and ever since December 21, 1943, has been confined in the Oregon state penitentiary under sentence of ten years imposed upon him by the Circuit Court for Clackamas county. From a judgment of the Circuit Court for Marion county dismissing the writ, the petitioner appeals.

It appears from the record that the petitioner, Harley A. Borders, was, on the 14th day of December, 1943, convicted in Clackamas county of the crime of forgery, and, on December 20, 1943, was sentenced to serve a term in the penitentiary of not more than five years. On the same day that the sentence was imposed, the district attorney for Clackamas county, pursuant to § 26-2804, O. C. L. A., filed an Information in such proceeding charging that petitioner had previously been convicted of the following felonies: (1) Crime of rape, committed in Iowa, on June 3, 1930; (2) Crime of forgery, committed in Marion county, Oregon, on February 9, 1940; and (3) Crime of forgery, committed in Clackamas county, Oregon, on December 14, 1943. Defendant admitted his identity relative to the last two charges of crime in the Information, but denied the charge of rape. The Court on motion of the district attorney dismissed the charge of rape as alleged in the Information.

On the day after the Information was filed setting forth previous convictions of felonies, the Circuit Court for Clackamas county set aside and vacated the sentence of five years for forgery and, in lieu thereof, sentenced petitioner to serve a term in the penitentiary

of not more than ten years as shown by the following judgment order:

"This matter coming on regularly for hearing at this time, this cause having heretofore been set for the passing of sentence on Wednesday the 22nd day of December, 1943; State of Oregon appearing by Stanley J. Mitchell, Deputy District Attorney for Clackamas County, Oregon, and the defendant appearing in person and by and thru his attorney, P. K. Hammond, and requested that sentence be pronounced against him at this time, the said defendant having heretofore been found by the court to be the same person previously convicted of felonies charged in an information filed herein by the District Attorney of Clackamas County, Oregon; the Court thereupon inquired of the above-named defendant if he had anything to say why sentence should not be pronounced against him, and he, the said defendant, answered showing no good or sufficient cause, and the Court being fully advised in the premises,

"NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the above-named defendant, Harley A. Borders, be imprisoned in the Penitentiary of the State of Oregon, for a period of not more than ten (10) years.

"Dated this 21st day of December, 1943.

"EARL C. LATOURETTE
Judge"

On the same day that the five-year sentence was vacated, petitioner requested the court to pronounce sentence against him "at this time," instead of Wednesday, December 22, 1943, or the time previously set, as recited in the above judgment order.

■ Petitioner asserts that the judgment order is void in that it appears therefrom that the sentence is based upon previous convictions of felonies and not upon the charge of forgery for

which he was convicted. We agree that if petitioner was sentenced not for the crime of forgery, but on account of "previous convictions of felonies," the judgment would be void and that the writ would lie. We do not, however, so construe the record. It does not appear from the judgment that petitioner was being sentenced for being a habitual criminal. The judgment, as entered in the Journal, is loosely drawn and somewhat ambiguous, but it must be viewed in the light of the entire record, and, when so considered, we think it is clear that petitioner was sentenced for the crime of forgery.

In *Pointer v. United States,* 151 U. S. 396, 38 L. E. 208, 14 Sup. Ct. 410, it was urged that the sentence imposed therein did not state the offense of which the defendant was found guilty or that the defendant was guilty of any named crime. The United States Supreme Court, in disposing of the contention, said:

"This objection is technical, rather than substantial. * * * The sentence itself is in the record, and the record shows everything necessary to justify the punishment inflicted. While the record of a criminal case must state what will affirmatively show the offence, the steps, without which the sentence cannot be good, and the sentence itself, 'all parts of the record are to be interpreted together, effect being given to all, if possible, and a deficiency at one place may be supplied by what appears in another.' 1 Bishop's Cr. Pro. §§ 1347, 1348."

In 15 Am. Jur. 106, § 445, it is said:

"The view is taken in a number of jurisdictions that an objection to a sentence on the ground that it does not state or does not sufficiently describe the offense of which the defendant was found guilty or that the defendant was guilty of any named crime, is technical rather than substantial, and that

the omission may be supplied by reference to the rest of the record in the case where such record shows fully the crime for which the prisoner was indicted and all the proceedings thereon through trial and verdict up to conviction and sentence." Citing in support of the text *Hambrick v. State,* 80 Fla. 672, 86 So. 623, 14 A. L. R. 987, and note.

■ The proceedings instituted by the district attorney pursuant to the Habitual Criminal Act, §§ 26-2801 to 26-2804, inclusive, O.C.L.A., was for the purpose of apprising the court of the kind and character of the man upon whom sentence was to be imposed. This separate and supplementary proceeding does not involve a new and independent charge of the commission of a crime. It is a continuation of the original prosecution. It is a proceeding merely to determine the penalty to be imposed in the main charge. *State v. Durham,* 177 Or. 574, 164 P. (2d) 448, 162 A. L. R. 422.

The Return to the writ by the defendant, who is the warden of the penitentiary, alleged among other things:

"That the information charging the Petitioner with having been previously convicted of felonies which resulted in the sentence above described and set forth in Exhibit 'A' was filed in the case of 'State of Oregon v. Harley A. Borders', No. 35246, in the Circuit Court of Clackamas County, in which latter case said Petitioner was charged with the crime of forgery. On the 21st day of December, 1943, the sentence previously imposed for conviction of the crime of forgery as alleged in said case No. 35246 was set aside and vacated and the sentence set forth in Exhibit 'A' was substituted therefor."

The petitioner in his Reply admitted these allegations. Are we to understand in the light of this admission that the "substituted" sentence was for any crime other

than forgery? The original prosecution was based on the charge of forgery, and the proceeding had under the Habitual Criminal Act was merely a continuation thereof. If the ten-year sentence was "substituted" for the five-year sentence—which was vacated under authority of the Act—it is difficult for us to see how it can reasonably be contended that the sentence in question pertains to "previous convictions of felonies" and not to the crime of forgery.

Appellant cites *Ex parte Wray*, 61 Okla. Cr. 162, 66 P. (2d) 965; *Ex parte Weaver*, 60 Okla. Cr. 290, 64 P. (2d) 925; and *Ex parte Bailey*, 60 Okla. Cr. 278, 64 P. (2d) 278, in support of the proposition that a judgment of conviction for being a "habitual criminal" is void. We have no quarrel with these decisions as applied to the records under consideration. It is not a crime to be a "habitual criminal." In the above cases it affirmatively appeared that the judgments of convictions were based upon charges that the defendant in each of the cases did "commit the crime of being a habitual criminal." It is not so in the instant case.

The recital in the judgment order that the defendant had been "previously convicted of felonies charged in the information" was for the purpose of bringing the case within the statute and pertained only to the penalty. It had no reference to any crime other than that charged in the indictment.

Judgment is affirmed.