Argued September 15, affirmed October 5, petition for
rehearing denied December 7, 1955

## STATE OF OREGON *v.* LITTLE
288 P. 2d 446
290 P. 2d 802

*Merlin Estep* argued the cause for appellant. On the brief were Hewitt, Estep & Sorensen, Salem.

*Kenneth E. Brown,* District Attorney for the County of Marion, Salem, argued the cause and filed a brief for respondent.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND and LATOURETTE, Justices.

LUSK, J.

This is an appeal from a sentence of life imprisonment under the Habitual Criminal Act (OCLA §§ 26-2801 et seq.) imposed by the circuit court in accordance with the opinion of this court in *Little v. Gladden,* 202 Or 16, 273 P2d 443.

By his first assignment of error the defendant contends that the court was without jurisdiction to impose the sentence because "appellant was never at any time, either in the case wherein sentence was imposed, or in any other case or proceeding authorized by law, charged with having, or found to have, three previous convictions of felonies." One answer to this contention is that it has already been determined adversely to the defendant by our decision in the Gladden case. That was a habeas corpus proceeding in which

the defendant in this case, then confined as a prisoner in the Oregon state penitentiary, claimed that he was entitled to his liberty because a sentence of life imprisonment, theretofore imposed on him, was void. As the opinion in that case discloses, the defendant was found guilty on the same day of two felonies, burglary and forgery, and sentenced on the former charge to five years, and on the latter to three years, in the penitentiary. Thereafter, an information was filed by the district attorney charging that he had been convicted of seven felonies, including the two just mentioned, and a jury having found the charge to be true, the court thereupon sentenced the defendant to life imprisonment without, however, first vacating either of the previous sentences in accordance with the requirement of the statute. We held the life sentence void because of failure to comply with the statute in this regard and because it was impossible for the court to determine whether the punishment was for the crime of burglary or forgery, or the nonexistent crime of being an habitual criminal. But we also held that in these circumstances the court which imposed sentence might "correct what it did wrongly by now entering an order of vacation of either the sentence for burglary or the sentence for forgery passed on March 27, 1943, and imposing the mandatory life sentence in place of the sentence so vacated." 202 Or 30.

■ This, the record now before us shows, is precisely what has been done. The circuit court, on motion of the district attorney, vacated the three-year sentence for forgery, vacated the life sentence which we had held void, and sentenced the prisoner to life imprisonment for forgery.

Although we could not sanction the proposition which the defendant now urges without overruling

*Little v. Gladden,* nevertheless, we shall examine the argument advanced in support of it. That argument is in substance as follows: An information alleging previous convictions must be filed in a case in which there has been a felony conviction; the information in this case was not filed in either the burglary or the forgery case; therefore, the proceeding is without authority in law and the court was without jurisdiction to pass the sentence appealed from.

■ This court has several times declared that an habitual criminal proceeding is a continuation of the original prosecution, and that the Habitual Criminal Act creates no offense, but is merely a proceeding by which to determine the penalty to be imposed on one previously convicted of crime. *Little v. Gladden,* supra at p. 20; *Borden v. Alexander,* 183 Or 488, 492, 194 P2d 414; *State v. Durham,* 177 Or 574, 578, 164 P2d 448, 162 ALR 422. We have never held, however, that the information must be *filed* in the principal case. Where there is but one conviction to which the enhanced penalty for a recidivist is applicable, it is literally true that the habitual criminal proceeding is but a continuation of the prosecution of the case in which the penalty is to be imposed, since its only purpose is to determine what that penalty shall be. That, of course, is the usual case. But here we have the unusual—the unprecedented case, so far as our decisions are concerned —of two convictions on the same day, to either one of which the habitual criminal penalty could be applied, since the defendant had previously been five times convicted of felonies. Once the fact of these prior convictions was established, the court was at liberty to treat either the burglary conviction or the forgery conviction as the fourth felony and impose a life sentence accordingly. With respect to any right of the defend-

ant, constitutional or otherwise, it should have been a matter of complete indifference to him which the court chose. In either case the sentence was bound to be imprisonment for life. It should have been equally a matter of indifference to the defendant whether the selection of the particular conviction was made at the time the habitual criminal proceeding was filed or later, and whether the information bore the same file number as the case in which the life sentence was imposed. There is nothing in the statute which in a situation of this kind demands such a prior selection. The court had jurisdiction to determine whether the defendant's status was that of an habitual criminal, and, after that was established, the mandatory duty arose to impose a life sentence in the one case or the other. When that choice was made and the three-year sentence for forgery vacated and life sentence imposed in its stead, the habitual criminal proceeding became in substance and reality a continuation of that case. Whether it was formally filed in that case and bore its file number, or was given a file number of its own, is a matter of no consequence. In *Little v. Gladden,* supra, at p. 21, we said that the fact that the burglary and forgery prosecutions and the habitual criminal proceeding each bore separate numbers "suggests, though it may not conclusively prove, that the information was treated as a charge of a separate offense", citing *Broom v. Alexander,* 198 Or 551, 559, 225 P2d 1081. That was true in the then existing circumstances of the case because neither of the convictions to which the life sentence might have applied had been vacated and it was impossible to determine whether a life sentence had been imposed in either of those cases. We also said at p. 20: "Had either of the previous sentences been vacated the difficulty might not be

here". Now, the forgery sentence has been vacated and the difficulty is no longer here. The important and controlling consideration is that in the end the purpose of the habitual criminal statute has been fulfilled, namely, to employ it as it was intended to be employed, by ascertaining, with all the formality and safeguards of the rights of the defendant which the statute prescribes, the defendant's status as a fourth offender, as one who, as Mr. Justice BELT said in *State v. Durham,* supra at p. 578, "is hopeless, so far as reformation is concerned", and, having done so, to impose the penalty for a particular crime which the statute exacts. The procedure followed in this case meets these requirements, and the defendant's objection to it is not meritorious.

The defendant's second and final assignment of error reads:

"The Court erred in ruling that the appellant was not entitled to a hearing upon, and to offer evidence in support of, his motion to withdraw his plea."

The record discloses that on August 21, 1954, the district attorney filed a motion, supported by his affidavit, in Case No. 30650 (the forgery case), for an order requiring the warden of the Oregon state penitentiary to produce the defendant before the court for the purposes of vacating the sentence theretofore imposed in that case and resentencing the defendant as an habitual criminal, pursuant to the decision in *Little v. Gladden,* which was rendered by this court on August 2, 1954. On August 30, 1954, the defendant filed a written motion by which he asked leave to withdraw his plea of guilty to the indictment in the forgery case and enter a plea of not guilty, on the

ground that the plea of guilty was induced by the promise of the then district attorney for Marion County, Mr. Miller Hayden, that he would not institute habitual criminal proceedings against the defendant if the latter would enter a plea of guilty to such indictment, and by the threat of the district attorney to institute habitual criminal proceedings in another case then pending against the defendant if he should enter a plea of not guilty to the forgery indictment. The motion is supported by an affidavit of the defendant, which includes the statement that he is not guilty of the crime of forgery charged in the indictment. The trial judge denied the motion, and on August 30, 1954, imposed the sentence from which this appeal was taken.

The defendant plead guilty to the charges of forgery and burglary on March 27, 1943, more than 11 years before he executed the affidavit in support of the motion to withdraw his plea. He was represented by a competent attorney, Mr. Roy Hewitt, a member of the firm which represented him in the Gladden case and which now represents him. Mr. Hewitt also appeared for the defendant in the jury trial of the habitual criminal charge and at the imposition of the first life sentence. The habeas corpus proceeding entitled *Little v. Gladden* was filed in the circuit court on October 5, 1950, more than seven years later. The defendant then made no charge of deception by the district attorney nor of any unfairness in the proceedings against him; his claims were all purely technical in character. Mr. Hewitt has filed no affidavit in support of the charge that his client was overreached by the district attorney.

The circuit court "may at any time before judgment, upon a plea of guilty, permit it to be withdrawn and a plea of not guilty substituted therefor." ORS 135.850. This statute does not confer an absolute

right, but permission to withdraw a plea of guilty is within the sound discretion of the court. *State v. Thomson,* 203 Or 1, 278 P2d 142, 144. It will be assumed for present purposes that this discretion extends to a case in which a previous sentence on a plea of guilty is vacated pursuant to the provisions of the Habitual Criminal Act as a preliminary to imposing sentence under that act. In the circumstances of this case, however, we can find no abuse of the court's discretion. The charge of fraud is so obviously an afterthought on the part of the defendant that it is worthy of but small consideration by a court. If he was deceived, as he now claims, he knew of the deception at the time that it occurred; yet he has remained silent about it all these years. He did not, it may be inferred, even disclose it to his attorney. He brought habeas corpus proceedings in which it is not mentioned.

The defendant relies on the decision of the United States Supreme Court in *United States v. Morgan,* 346 US 502, 98 L ed 248, 74 S Ct 247. The court there held that a United States district court has power to vacate its judgment of conviction and sentence after the expiration of the full term of service. The prisoner had fully served a sentence of four years on a plea of guilty on a federal charge. Some 12 years afterwards he was convicted by a New York court on a state charge and was sentenced to a longer term under that state's Multiple Offender Law as a second offender because of the prior federal conviction. While in prison for the state offense he applied to the federal court in which he was first convicted for a writ of error *coram nobis,* seeking an order voiding the judgment of conviction in that court on the ground that there had been a violation of his constitutional rights through failure, without competent waiver, to furnish him counsel. The

district court refused relief, believing it had no jurisdiction. The Supreme Court, in a five to four decision, held:

> " * * * Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extraordinary writ of *coram nobis* must be heard by the federal trial court."

Mr. Justice Minton wrote a dissenting opinion, concurred in by the Chief Justice and Mr. Justice Jackson and Mr. Justice Clark, in which, among other things, they expressed disagreement with the view that sound reasons existed for the failure to seek appropriate earlier relief.

A certain analogy between the two cases may be observed. In both there was a conviction on a plea of guilty. In both there was an element of a long period of delay between the alleged deprivation of constitutional rights and the complaint about it. But there is a wide difference between the circumstances of the two cases affecting the question of whether any sound reason for the delay appears. In the Morgan case the ground of complaint was that the accused had been deprived of his constitutional right to be represented by counsel. It appeared from the record that he was not represented by counsel. He alleged that he was 19 at the time, without knowledge of the law, and not advised as to his rights. A majority of the Supreme Court thought that, in view of these allegations, he was entitled to an opportunity to show that his conviction was invalid notwithstanding the delay. Here, as stated, the defendant was represented by counsel well qualified to advise him as to his rights

and who, it is to be presumed, did so. This and the other circumstances to which we have referred are points of vital distinction between the Morgan case and the case at bar.

The record does not disclose that the circuit judge refused to listen to oral testimony on the issue made by the defendant's affidavit. If, in fact, there was such a request, its denial was justified. The judge was under no duty to receive oral testimony in support of a charge which, in view of the circumstances, he must have considered an obvious fabrication.

The judgment is affirmed.

### ON PETITION FOR REHEARING

Submitted on Petition for Rehearing

*Gordon Sayre Little, in pro per.,* for the petition.

Before Warner, Chief Justice, and Rossman, Lusk, Brand and Latourette, Justices.

LUSK, J.

The defendant in this case was originally sentenced on March 27, 1943. In accordance with our opinion in the habeas corpus proceeding entitled *Little v. Gladden*, 202 Or 16, 273 P2d 443, the circuit court vacated the sentence and imposed a new sentence on August 30, 1954. From that sentence he appealed to this court and we affirmed.

■ The sentence of August 30, 1954, was imposed pursuant to the provisions of the Habitual Criminal Act in effect in 1943 (OCLA § 26-2803) providing a mandatory life imprisonment for a fourth offender. That section, along with other provisions of the Habitual Criminal Act, was repealed by Oregon Laws 1947, ch 585, and new provisions adopted in their stead. The defendant says in his petition for rehearing that we ignored in our opinion the fact that the former statute was repealed without a savings clause. In this petitioner is mistaken, for § 7 of the 1947 Act provides: "All provisions of law repealed by this act hereby are continued in full force and effect as to penalties incurred and pending proceedings." The petitioner incurred the penalty before the repeal of the former statute, and was therefore amenable to its provisions.

The only other matter in the petition which calls for comment is the complaint that we failed to pass upon any of the constitutional questions which he raised in his brief. We considered them but did not think it necessary to mention them. In order, however, to remove any question on that score we state now that we find nothing in this record to support the petitioner's contention that he has been deprived of rights guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

The petition for rehearing is denied.