Argued June 4, affirmed July 15, 1963

# HIRTE *v.* GLADDEN
383 P. 2d 993

*Merlin Estep,* Salem, argued the cause and filed a brief for appellant.

*C. L. Marsters,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

GOODWIN, J.

This is an appeal from a ruling denying a prisoner post conviction relief.

The petitioner contended that the forty-year sen-

tence under which he is imprisoned as an habitual criminal was fatally defective because the statute under which he was sentenced was either unconstitutional or was unconstitutionally applied in his case.

■ The trial court held that the petition was barred under the doctrine of *res judicata* because the petitioner had made three prior efforts in the circuit court to obtain his freedom. Since the petitioner was without counsel when he previously challenged his sentence, those proceedings were not conclusive against him. See ORS 138.540 and 138.550; *Anderson v. Gladden,* 234 Or 614, 383 P2d 986 (1963).

Even though the trial court may have been in error in treating the petitioner's former proceedings as conclusive against him, however, it does not follow that the judgment below must be reversed. We have the complete record of the proceedings below. We also have the benefit of able briefs and arguments of counsel on the merits of the petition. We are satisfied that there was no deprivation of the petitioner's constitutional rights in the proceedings leading to his present incarceration.

■ The petitioner's first point is that the statute under which he was sentenced was unconstitutional. Since this court has held that habitual-criminal (enhanced-penalty) statutes are not *per se* repugnant to the state or federal constitutions, it remains only to be seen whether the particular sections now under attack were unconstitutional. See *Tuel v. Gladden,* 234 Or 1, 379 P2d 553 (1963) where the authorities are collected.

The petitioner was found by a jury to be the same person who had committed at least three felonies as charged in the information of the district attorney.

His last conviction was for forgery. He was accordingly sentenced under the following section of Oregon Code, 1930:

> 13-2802 "A person who, after having been two times convicted within this state of felonies, or * * * under the law of any other state * * * of crimes which, if committed within this state, would be felonious, commits a felony within this state, shall be punished, upon conviction of such third, or subsequent offense, as follows: If the second felony is such that the offender would be punished by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term nor more than twice the longest term prescribed in [Section 13-2801]."

The section referred to provides that upon a second felony conviction the person so convicted must be sentenced to a term not less than the longest term [other than life] permitted for a first conviction of such a crime and not more than twice the longest term prescribed upon a first conviction. Thus if a person was convicted of a second offense of forgery, which then carried a maximum term of twenty years, it was mandatory under Section 13-2801 to sentence him upon the second conviction to a term of not less than twenty nor more than forty years.

Under Section 13-2802, (third conviction), the formula relates back to the section which covers second offenses and provides that the punishment for a third conviction of any felony may not be less than the longest term nor more than twice the longest term provided for a second conviction of the same felony. Again, using the example of forgery, for a third offense, the sentence would be not less than forty years nor more than eighty. The petitioner received the

minimum sentence prescribed under the sections of the code then in force.

■ While the former statute was somewhat less clear than could be desired, it was not impossible to understand. It was apparently the legislature's intent to avoid the anomaly of doubled life sentences, hence the reference in each section to punishment for a term less than life.

■■ It was also the legislative intent to apply a form of geometric progression to the enhanced penalties for recidivists. The petitioner contends that such penalties are disproportionate to the various offenses which may be committed. The possibility that the sentences could run to unservable lengths does not make the statute unconstitutional. It is within the power of the legislature to provide that persons of demonstrated unfitness for life in society shall spend their lives segregated from society after they have accumulated a sufficient number of convictions to satisfy the legislative definition of an habitual criminal. *Tuel v. Gladden,* supra.

■ There was no constitutional defect in the statute under which the petitioner was sentenced.

Another assignment of error challenges the judgment order which constituted the sentence. The judgment order is prepared on a printed form ordinarily used for sentences imposed upon conviction of a specified crime. Accordingly, the printed matter reads, "* * * The said [Joseph C. Hirte] having heretofore been duly convicted of the crime of [being an habitual criminal] * * *." (The bracketed matter is typed.)

■ The information did not charge the petitioner with the crime of "being an habitual criminal," and the

jury verdict did not so characterize his predicament. Both the information and the verdict were couched in terms of the identity of the defendant and his having been formerly convicted. There is no such crime as "being an habitual criminal." *State v. Little,* 205 Or 659, 662, 288 P2d 446, 290 P2d 802 (1955), cert den 350 US 975, 76 S Ct 454, 100 L ed 845. The judgment order fixing the sentence must be read together with the information and the verdict. When the documents are read together it is apparent that neither the petitioner nor the sentencing court were in doubt as to the basis for the sentence. If there is an unfortunate choice of words in the form of the judgment, it does not constitute error. It is clear from the record that the defendant was sentenced for forgery, as a third offender.

Affirmed.