Argued May 7, affirmed October 17, petition for rehearing
denied December 10, 1963

# STATE OF OREGON *v.* HOFFMAN
385 P. 2d 741

*Harold Banta,* Baker, argued the cause and filed a brief for appellant.

*Jesse R. Himmelsbach, Jr.,* District Attorney for Baker County, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

PERRY, J.

The defendant was indicted in two counts for the crimes of statutory rape and contributing to the delinquency of a minor. A jury acquitted the defendant of the crime of statutory rape and returned a verdict of guilty on the contributing charge. From the verdict of guilty the defendant appeals.

The defendant contends that since the jury acquitted him of the crime of statutory rape, and that

act is the act relied upon as the act manifestly tending to cause the minor child's delinquency, this acquittal is res judicata of the facts relied upon to sustain the guilty verdict returned.

Two separate and distinct statutory offenses are alleged in the indictment, though they arise out of the same occasion. The contention of the defendant, to be sustained, must rest upon the proposition that all the facts offered in an attempt to establish the offense of statutory rape on this occasion were by the verdict of not guilty decided favorably to the defendant. This is not the law, as pointed out by this court in *State of Oregon v. Dewey*, 206 Or 496, 292 P2d 799. We quoted with approval, as follows:

"* * * 'the previous judgment is conclusive only as to those matters which were in fact in issue and actually or necessarily adjudicated. Thus an acquittal of the charge of seduction does not adjudicate the question of sexual intercourse although that was one of the issues in the case, since the acquittal might have been due to the failure to establish other facts essential to a conviction.' 2 Freeman on Judgments (5th ed) 1365 § 648. See, also, Dangel, Criminal Law 351; Harris v. State, 193 Ga 109, 17 SE2d 573, 147 ALR 980; State v. Barton, 5 Wash2d 234, 105 P2d 63; Sealfon v. United States, 332 US 575, 92 L ed 180, 68 S Ct 237; United States v. Meyerson, 24 F2d 855; United States v. Morse, 24 F2d 1001; State v. Erwin, 101 Utah 365, 120 P2d 285; Bell v. State, 57 Md 108; State v. Coblentz, 169 Md 159, 180 A 266." (206 Or 496 at 508.)

The statutory rape indictment charges the defendant with carnal knowledge of the minor. The contributing count in the charging part is as follows: "* * * to-wit, did then and there place his private parts on,

against and into the private parts" of the minor. The contributing count thus charges two acts; placing his private parts upon and against the private parts of the female child, and also penetration of her body.

■■ Proof of some penetration is a necessary element of statutory rape. *State v. Poole,* 161 Or 481, 90 P2d 472. And a specific intent to penetrate the body of the female is a necessary ingredient of any lesser included offense in that crime or of the crime attempt to rape. *State of Oregon v. Moore,* 194 Or 232, 241 P2d 455; *State v. Olsen,* 138 Or 666, 7 P2d 792.

■ ORS 167.210 which defines the crime of contributing to the delinquency of a child nowhere requires proof of a specific intent to cause the child to become a delinquent child, even though that intent may exist. Proof only of the doing of an act which is such that it manifestly tends toward causing the child to become delinquent is all that is required.

We held in *State v. Casson,* 223 Or 421, 354 P2d 815, that where the state elects to charge a defendant with contributing to the delinquency of a minor by "separate and distinct acts laid under a *videlicet,* 'to-wit:'," each act standing alone, if proven, must be sufficient to sustain a verdict of guilty.

■ Proof of the defendant placing his private parts upon and against those of the minor child, standing alone, would suffice to sustain a verdict of guilty of contributing. But this act alone, as pointed out, would not require a conviction for rape or necessarily its lesser included offense or the crime attempt to rape.

■ The jury could have concluded that the defendant did the first act charged in the contributing count, but neither did nor intended to go further, and thus did acquit the defendant. We cannot therefore say the jury decided the placing fact in favor of the de-

fendant. We conclude the defendant's contention is without merit.

The defendant also contends that the trial court erred in proceeding under the enhanced penalty act before sentencing the defendant for the crime of contributing of which he was convicted. This same contention was made under a prior act, OCLA 26-2801 to 26-2804, and found without merit. *State v. Durham,* 177 Or 574, 164 P2d 448, 162 ALR 422. The defendant contends, however, the 1961 amendment to ORS Chapter 168 was intended to change the law in this respect. His principal reliance seems to be upon the use of the word "adjudication" in ORS 168.015 which does not appear in the former act.

█■ The word "adjudication" in its strict judicial sense is generally held to imply a final judgment of the court, that is, it involves an exercise of the judicial power in hearing and determining the issues and rendering a judgment thereon. 2 CJS, Adjudication, page 49. This statute insofar as material is as follows:

> "(1) 'Conviction' means an adjudication of guilt upon a plea, verdict or finding in a criminal proceeding in a court of competent jurisdiction, but 'conviction' does not include an adjudication which has been expunged by pardon, reversed, set aside or otherwise rendered nugatory.
>
> "(2) 'Principal offense' means the offense upon conviction of which a court may impose an enhanced penalty based upon former conviction of an offense. 'Principal felony' means a principal offense that is a felony.
>
> "* * * * *" ORS 168.015.

It will be noted the word "adjudication" in the definition of conviction refers to prior crimes, as it limits the prior conviction to be considered as enhancing the

penalty for the subsequent conviction, or principal offense, to those adjudications which have not been expunged or rendered nugatory.

■■ Paragraph (2) makes no reference to an "adjudication" in any manner as to the principal offense. Principal offense is defined as a conviction in a present action which will authorize the court to impose an enhanced penalty. Thus it refers to the finding of guilt either by plea in open court or the verdict of the jury in a matter then pending. Conviction, when used in this sense, is to designate a particular stage in a criminal prosecution where the guilt of the defendant has been established. *Commonwealth v. Lockwood,* 109 Mass 323, 12 Am Rep 699; *In re Anderson,* 34 Cal App2d 48, 92 P2d 1020; *Attorney General ex rel O'Hara v. Montgomery,* 275 Mich 504, 267 NW 550. Paragraph (2) clearly shows the intent of the act to be that the sentence upon the principal offense should be pronounced according to the law applicable to the facts found by the court as to prior convictions. This could not be done until the supplementary proceedings provided by the act had been heard and determined.

The defendant also contends that he is constitutionally entitled to a jury trial on the issue of whether or not he had been convicted of prior crimes. Article I, Section 11 of the Oregon Constitution provides: "In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * *." The defendant then argues that since the habitual criminal act is a supplementary proceeding to follow a conviction, and therefore "a continuation of the original prosecution" (*State v. Durham,* supra), the issue involved as to his prior crimes falls within the requirements of Article I, Section 11 of the Constitution.

It is true that at common law a prior conviction

was regarded as a part of an indictment which must be established when the Crown sought to invoke an enhanced penalty for the crime charged and no procedure otherwise had been established by legislative action. *State v. Blacker,* 234 Or 131, 380 P2d 789; *State v. Waterhouse,* 209 Or 424, 307 P2d 327.

The legislature, after setting forth what must be alleged to state a crime (ORS 132.540), also stated therein "that the indictment shall not contain allegations that the defendant has previously been convicted of the violation of any statute which may subject him to enhanced penalties." Thus the legislature provided a change in the procedure with reference to the pleading of prior convictions of crimes. Contrary to the common-law view, prior convictions are not now an ingredient of any offense against the state, but are to be considered only in determining the sentence to be pronounced by the court.

The legislature has never declared that being an habitual criminal is a crime. As stated by this court, "It is not an offense to be an habitual criminal; it is merely a status." *State v. Durham,* supra, at 582. See, also, *Broom v. Alexander et al,* 198 Or 551, 255 P2d 1081; *State v. Moore,* 192 Or 39, 233 P2d 253; *Borders v. Alexander,* 183 Or 488, 194 P2d 414; and, as stated in *Castle v. Gladden,* 201 Or 353, 270 P2d 675, the act itself "merely provides a proceeding to determine the penalty to be imposed on the main charge." (201 Or 353 at 360.)

The observations of Mr. Justice Hughes in *Graham v. West Virginia,* 224 US 616, 32 S Ct 583, 56 L Ed 917, speaking on the habitual criminal act, are pertinent here:

"'It cannot be said that the prisoner was deprived of due process of law because the question

as to former conviction was passed upon separately. * * *

" 'If a state adopts the policy of imposing heavier punishment for repeated offending, there is manifest propriety in guarding against the escape from this penalty of those whose previous conviction was not suitably made known to the court at the time of their trial. * * *

" 'To repeat, the inquiry is not into the commission of an offense; as to this, indictment has already been found and the accused convicted. There remains simply the question as to the fact of previous conviction. * * *

" 'The 14th Amendment is not to be construed "as introducing a factitious equality without regard to practical differences that are best met by corresponding differences of treatment." [Citations.] A state may make different arrangements for trials under different circumstances of even the same class of offenses; * * * and certainly it may suitably adapt to the exigency the method of determining whether a person found guilty of crime has previously been convicted of other offenses. All who were in like case with the plaintiff in error were subject to the same procedure. He belonged to a class of persons convicted and sentenced to the penitentiary whose identity as former convicts had not been determined at the time of their trial. As to these, it was competent for the state to provide appropriate means for determining such identity. * * *

" 'There is no basis for the contention that the plaintiff in error has been put in double jeopardy, or that any of his privileges or immunities as a citizen of the United States have been abridged. Nor can it be maintained that cruel and unusual punishment has been inflicted. [Citations.]' 224 U.S. 616, 32 S.Ct. 583, 586, 56 L.Ed. 917, at pages 921, 922, 923, 924." *Levell v. Simpson,* 142 Kan 892, 52 P2d 372.

 The duty of determining the extent of the penalty to be imposed in a criminal case, with the exception of murder in the first degree, is by law imposed upon the trial judge. The extent of that punishment is legislative, limited only by the constitutional prohibition against cruel and inhuman punishment. *State v. Smith,* 128 Or 515, 273 P 323.

 In our opinion, the words "criminal prosecution," as set forth in Article I, Section 11 of our constitution, refer to establishing before a jury acts declared to be criminal by legislative action. Since proof of prior crimes is not a proper matter in an indictment for a present crime, but only proof that prior punishment has not been effective to reform the person, the defendant was not entitled to a jury trial relative to his prior convictions. Other states adhering to this view are: *State v. Morton,* Mo (1960), 338 SW2d 858; *Robertson v. State,* 29 Ala App 399, 197 So 73; *State v. Guidry,* 169 La 215, 124 So 832; *State v. George,* 218 La 18, 48 So2d 265; *Poppe v. State,* 155 Neb 527, 52 NW2d 422; *Levell v. Simpson,* 142 Kan 892, 52 P2d 372.

The defendant also argues that the trial court erred in failing to grant his motion for a mistrial because of improper questions propounded to witnesses by the prosecuting attorney. The questions asked were objectionable, and the defendant's objections thereto were sustained by the trial court.

The contention of the defendant is that the innuendo of the questions was such that, even though the court sustained the objections and instructed the jury to disregard them, their effect was so prejudicial, in that they tended to arouse the passion and prejudice of the jury, that he was denied a fair trial.

▇▇▇ We have stated many times that a motion for a mistrial is addressed to the discretion of the trial court, and that only when it can be said that the trial court has abused its discretion will this court reverse. We have carefully examined the transcript of testimony in this cause, and after careful consideration are of the opinion that the court did not abuse its discretion and the defendant was accorded a fair trial.

The judgment is affirmed.