Argued May 5, affirmed May 17, 1967

STATE OF OREGON, *Respondent, v.*
JOHN J. BURKE, JR., *Appellant.*

427 P. 2d 760

*Benhardt E. Schmidt,* Portland, argued the cause and filed a brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and SLOAN, DENECKE and FORT, Justices.

DENECKE, J.

The defendant was convicted of armed robbery. He appeals upon the ground that the trial court "committed prejudicial error in the manner in which he censured a spectator in the presence of the jury."

The defendant called an "alibi" witness. While he was testifying upon cross-examination the following occurred:

"THE COURT: There is, behind you, Mr. Hampton [the deputy district attorney trying the case], a lady in a red coat that's nodding or shaking her head to the witness. I want her name.

"MRS. MYLAN: That isn't true. I was there that night.

"THE COURT: I want your name. What is your name?

"MRS. MYLAN: Velma Mylan.

"THE COURT: You remain here after we dismiss proceedings today."

The state called the "lady in the red coat" as a rebuttal witness. Her testimony did not assist or damage either party.

The next morning defendant moved for a mistrial because of the trial court's comments. The court denied the motion and made a specific finding that the spectator had a "calculated design" to "communicate with the witness" and that the court's action did not prejudice the defendant.

Rulings on motions for mistrial are largely within the discretion of the trial court. *State v. Nelson,*

233 Or 56, 377 P2d 29 (1962); *State v. Hoffman,* 236 Or 98, 108, 385 P2d 741 (1963). Here, we observe nothing to cause us to conclude that the trial court abused its discretion.

Affirmed.