## Commonwealth v. Ross

*Donald Williams,* for Commonwealth.
*Norman Levine,* for defendant.

148

HENDERSON, *P. J.*, May 31, 1977 — James Ross filed a Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P. S. §1180, petition with this court asking for release from prison. On October 20, 1944, he had been sentenced to life imprisonment by Judge Lamoree of this court under the Habitual Criminal Act of June 24, 1939, P. L. 872, as amended, 18 P. S. §5108, since repealed, for being convicted of a fourth offense within five years. He has been paroled twice, but was recommitted both times for parole violations. Following the filing of this petition, the public defender was appointed to represent petitioner.

The petition alleged several grounds for granting the relief requested, but only one of those is supported by factual averments in the petition.

This is the claim that the repeal of the Habitual Criminal Act justifies his release. Since this issue is based solely on the legal effect of the repeal, we can dispose of it without an evidentiary hearing.

The Habitual Criminal Act was repealed along with the rest of the penal code when the new Crimes Code was enacted in 1972, but section 2 of the repealing Act of December 6, 1972, P. L. 1482, specifically provided that prosecutions for offenses committed prior to the effective date of the act (which was June 6, 1973) shall be governed by the prior law, which is continued in effect for that purpose as if the repealer were not in force. This savings clause would mean that even if his sentence was vacated now for some reason and a new sentence imposed, the new sentence could still be imposed under the Habitual Criminal Act as it existed in 1944. See State v. Little, 205 Oregon 659, 290 P.2d 802 (1955).

Petitioner misinterprets the intent and effect of the repeal. It shows a legislative determination that the protection of society no longer requires that criminals be given longer sentences because of prior convictions. If the legislature had felt it wise to release those previously incarcerated under such a statute, a statute providing for their release would have been enacted. The repeal has no effect upon the constitutionality of an habitual criminal statute, which has been repeatedly upheld. . . .

## ORDER

Now, May 31, 1977, it is hereby ordered, adjudged and decreed that defendant's petition under the Post Conviction Hearing Act is hereby refused without hearing.

However, defendant is granted an additional 20 days from the date hereof within which to amend his post conviction hearing act petition in order that he may specify in detail any other grounds supporting his petition (as more fully set forth in the opinion filed herewith).

In the event no such amended petition is filed within the required time, the prothonotary shall enter a final order dismissing the entire matter.